IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: ) | |
| ) | BANKRUPTCY NO. 20-23092-CMB |
| ALTHEA M. BELL, ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |
| ) | |
| ) | |
| ALTHEA M. BELL, ) | |
| ) | |
| Movant/Debtor, ) | |
| ) | |
| v. ) | |
| ) | |
| MIDLAND CREDIT ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Respondent. ) | |

## OBJECTION TO CLAIM

AND NOW, comes Movant Althea M. Bell ("Debtor"), and files the within Objection to Claim 1 filed by Midland Credit Management, Inc., averring as follows:

1. Debtor filed for relief under Chapter 13.

2. Pursuant to 28 USCA § 1334, this Court has jurisdiction over the within matter, which is a core proceeding within the meaning of 28 USCA §157(b)(2)(G).

3. Per F.R.B.P. 7008, Debtor consents to entry of a final order of court by the Bankruptcy Judge.

4. Respondent filed Claim 1 on November 6, 2020 as unsecured, nonpriority debt of $7,943.25. The claim basically provides that the account was transferred from Capital One Bank (USA), N.A. to Midland Credit Management, Inc. and contains no other information regarding the account.

5. Pa.R.Civ.P. 1019(i) provides that "[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

6. Pa.R.Civ.P. 1019(i) requires that a plaintiff in an assignee collection case must attach to the complaint: (1) a copy of the contract between the parties showing that defendant has accepted liability for all interest and fees in addition in addition to draws. The interest and fee rates must be spelled out with particularity. The date of agreement inception must be displayed with the prevailing interest rates in place at that time. A standard form agreement that is either undated or dated at time not

contemporaneous with agreement inception is insufficient; and (2) a statement of account, which contains statements of all draws, interest, fees, and payments received and provides a concise and cognizable method of verifying the mathematical calculations used to comprise the balance due. A copy of a statement showing a balance due for past charges is not sufficient. Atlantic Credit and Finance, Inc. v. Giuliana, 2003 PA Super 259, 829 A.2d 340 (Pa. Super. 2003). Commonwealth Financial Systems, Inc. v. Smith, 2011 PA Super 30, 15 A.3d 492 (Pa. Super. 2011). Citibank, N.A. v. Boroughs, 2015 Pa. Dist. & Cnty. Dec. LEXIS 8928 (Lancaster Co. 2015).

7. Claim 1 did not include the contract between Debtor and the principal or the accounting of the balance due as required by state law to maintain claim in bankruptcy court.

WHEREFORE, Debtor respectfully requests that Claim 1 be stricken.

Dated: February 24, 2021        /s/ Glenn R. Bartifay
　　　　　　　　　　　　　　　GLENN R. BARTIFAY, ESQUIRE
　　　　　　　　　　　　　　　Pa. Id. No. 68763
　　　　　　　　　　　　　　　Attorney for Movant/Debtor

　　　　　　　　　　　　　　　BARTIFAY LAW OFFICES, P.C.
　　　　　　　　　　　　　　　2009 Mackenzie Way, Suite 100
　　　　　　　　　　　　　　　Cranberry Township, PA 16066
　　　　　　　　　　　　　　　(412) 824-4011
　　　　　　　　　　　　　　　gbartifay@bartifaylaw.com

Declaration Under Penalty of Perjury by Individual Debtor

I declare under penalty of perjury that I have read the within pleading, and that it is true and correct to the best of my knowledge, information, and belief.

Dated: February 24, 2021    Signature:    /s/ Althea M. Bell
　　　　　　　　　　　　　　　　　　　　　ALTHEA M. BELL,
　　　　　　　　　　　　　　　　　　　　　Movant/Debtor